**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1742
_____

UNITED STATES OF AMERICA

v.

VICTOR GARCIA-RIVERA,
also known as Hector Gonzalez-Rivera,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:23-cr-00118-001)
U.S. District Judge:  Honorable Joshua D. Wolson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2025
_____

Before: SHWARTZ, MATEY, and FREEMAN, <u>Circuit Judges</u>.

(Filed: May 16, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Victor Garcia-Rivera received a 105-month sentence for drug and firearm offenses. Because Garcia-Rivera waived his right to appeal and no manifest injustice will result from enforcing the waiver, we will grant his counsel's motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and affirm.

I

Police stopped a vehicle in which Garcia-Rivera, a convicted felon, was a passenger. While searching the car, police found a handgun where Garcia-Rivera had been sitting and 84.88 grams of fentanyl.

Garcia-Rivera was charged with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). After he filed pretrial motions, but before they were all resolved, Garcia-Rivera entered into a plea agreement. Under the agreement, (1) Garcia-Rivera agreed to plead guilty to the drug and the felon-in-possession charges, (2) the Government agreed to dismiss the remaining gun charge, and (3) Garcia-Rivera waived his right to appeal his conviction and sentence unless (a) the Government appealed, (b) the appeal was based on (i) a claim that his sentence exceeded the statutory maximum, (ii) a challenge to any upward departure or variance from the Guidelines-recommended range, or (c) a claim of ineffective assistance of counsel.

At sentencing, the District Court determined that Garcia-Rivera's total offense level was 23 and his criminal history category was V, resulting in a Guidelines range of

2

84 to 105 months.[1]  The Court sentenced Garcia-Rivera to 105 months' imprisonment followed by five years' supervised release, based on its consideration of the factors set forth in 18 U.S.C. § 3553(a), and conclusion that the sentence imposed reflected the nature and circumstances of the offense, Garcia-Rivera's criminal history, and the need for deterrence.

Garcia-Rivera appeals, and his counsel moves to withdraw under Anders.[2]

## II[3]

Our local rules allow a criminal defendant's appellate counsel to file a motion to withdraw and an accompanying brief under Anders when he concludes, upon review of the record, that "the appeal presents no issue of even arguable merit."  3d Cir. L.A.R. 109.2(a).  When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted); see United States v. Brookins, 132 F.4th 659,

---

[1] The District Court correctly overruled Garcia-Rivera's objection to the inclusion of a May 2006 conviction in his criminal history computation, reasoning that the 2006 conviction should be included because it took place less than 15 years before the "commencement of the [instant] offense[s]," App. 90, which is the relevant test for determining whether a dated conviction should be counted in the criminal history computation.  U.S.S.G. § 4A1.2(e)(1).

[2] Garcia-Rivera has not submitted pro se briefing in support of his appeal despite having had the opportunity to do so.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.  In conducting an Anders analysis, we exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988).

665 (3d Cir. 2025)).[4]

## A

To determine whether counsel has fulfilled his <u>Anders</u> obligations, we examine his brief to see if it (1) shows that he thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, <u>see</u> <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000), and (2) explains why the identified issues are frivolous, <u>Brookins</u>, 132 F.4th at 666; <u>United States v. Marvin</u>, 211 F.3d 778, 780-81 (3d Cir. 2000).  Garcia-Rivera's counsel has fulfilled these obligations.

Typically, Garcia-Rivera's guilty plea would limit the appealable issues to (1) the District Court's jurisdiction; (2) the voluntariness of his plea; and (3) the reasonableness of his sentence, <u>see</u> <u>Menna v. New York</u>, 423 U.S. 61, 62 (1975) (per curiam); <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989); 18 U.S.C. § 3742, but here, as his counsel acknowledged, Garcia-Rivera signed an appellate waiver, which further limits the appealable issues.  Despite this waiver, Garcia-Rivera's counsel still explained why jurisdiction existed and why any challenge to Garcia-Rivera's plea or sentence would be frivolous.  Counsel has thus fulfilled his <u>Anders</u> obligations. <u>See</u> <u>Youla</u>, 241 F.3d at 300.

## B

Our independent review of the record accords with counsel's assessment.  Garcia-Rivera entered a plea agreement containing an appellate waiver, which, if applicable,

---

[4] An issue is frivolous if it "lacks any basis in law or fact."  <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988); <u>see also</u> <u>Brookins</u>, 132 F.4th at 665 (explaining that "[i]f there is an issue that is 'arguable' on its merits, then the appeal is not frivolous" (quoting <u>Anders</u>, 386 U.S. at 744)).

would bar this appeal.[5]  "[W]e will enforce an appellate waiver . . . where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice."  United States v. Grimes, 739 F.3d 125, 128-29 (3d Cir. 2014) (internal quotation marks omitted and second alteration in original).

To determine the scope of an appellate waiver, we examine the language of the plea agreement and strictly construe it.  United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008). Garcia-Rivera's appellate waiver provides that in exchange for certain promises, Garcia-Rivera waived his right to appeal or collaterally attack his conviction subject to four exceptions: (1) the Government appeals, (2) he claims that his sentence exceeds the statutory maximum, (3) he challenges an upward departure or variance, or (4) his appeal is based on an ineffective assistance of counsel claim.

None of these circumstances are present.  First, the Government has not appealed. Second, Garcia-Rivera's sentence is below the applicable statutory maximums.  See 21 U.S.C. § 841(b)(1) (providing a forty-year maximum prison term for violating 21 U.S.C. § 841); 18 U.S.C. § 3583(b)(1) (providing a five-year maximum supervised release term

---

[5] "We review the validity and scope of an appellate waiver de novo."  United States v. Grimes, 739 F.3d 125, 129 (3d Cir. 2014).  An appellate waiver "does not deprive us of subject matter jurisdiction, but, when the waiver is valid, we will not exercise that jurisdiction to review the merits of the defendant's appeal," and will "[t]ypically . . . affirm the judgment of the district court," rather than "dismiss[] the appeal."  United States v. James, 928 F.3d 247, 252 (3d Cir. 2019) (internal quotation marks and alteration omitted).

for Class B felonies, which include 21 U.S.C. § 841); 18 U.S.C. § 924(a)(2) (providing a ten-year maximum prison term for violating 18 U.S.C. § 922(g)); 18 U.S.C. § 3583(b)(2) (providing a three-year maximum supervised release term for Class C felonies, which include 18 U.S.C. § 922(g)).[6] Third, the Court's sentence was within the Guidelines range of 84 to 105 months. See U.S.S.G. Ch. 5 Pt. A (2023). Finally, Garcia-Rivera has not alleged that his counsel was ineffective and rather, represented during the plea hearing that he was satisfied with his representation.

Next, the record shows that Garcia-Rivera knowingly and voluntarily agreed to the appellate waiver. At the plea hearing, Garcia-Rivera affirmed that he (1) understood "the plea agreement . . . limit[ed] [his] right to appeal," (2) discussed the appellate waiver with his attorney, and (3) was satisfied with counsel's explanation. App. 65. Garcia-Rivera also affirmed his understanding of the appellate waiver in writing by signing both the plea agreement and Acknowledgement of Rights form. Thus, there is no nonfrivolous argument that Garcia-Rivera did not knowingly and voluntarily waive his appellate rights.

Finally, enforcement of the appellate waiver would not work a miscarriage of justice. "To determine whether enforcing a waiver works a miscarriage of justice, we consider [t]he clarity of the error, its gravity, [and] its character," among other things, with the aim of avoiding "manifest injustice." Grimes, 739 F.3d at 130 (internal quotation marks omitted). Here, there is no error. Garcia-Rivera was charged in a

_____

[6] The class B and C felony designations are based on the statutory maximum Garcia-Rivera faced. See 18 U.S.C. § 3559(a)(2), (a)(3).

6

district court with jurisdiction, entered a knowing and voluntary plea, and was sentenced below the statutory maximum for his offenses. Furthermore, the District Court correctly calculated the Guidelines range, considered the § 3553(a) factors, and imposed a within-Guidelines sentence. Accordingly, we cannot say that enforcing the appellate waiver would work a miscarriage of justice and so we will enforce it.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.